JS - 6   **LINKS: 4, 5, 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-08922 GAF (AGRx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Juanito Maramba et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **(In Chambers)**

<u>**ORDER REMANDING CASE**</u>

**I.
INTRODUCTION AND BACKGROUND**

On June 21, 2011, Plaintiff Deutsche Bank National Trust Company filed an unlawful detainer action against Defendants Juanito and Ester Maramba in Los Angeles Superior Court. (Docket No. 1, Not., Ex. A [Compl.].)  Plaintiff alleged that it purchased Defendants' former real property in West Covina, California on January 26, 2011 at a non-judicial foreclosure sale, but that Defendants refuse to quit the premises.  (Id. ¶¶ 1–7.)  Defendants demurred to the complaint, and then filed an answer after that demurrer was overruled.  (Not., Ex. A [Demurrer]; [Notice of Ruling Regarding Demurrer]; [Ans.].)  On October 27, 2011, Defendants removed the case to this Court, alleging that the Court had subject matter jurisdiction under three separate statutes: 28 U.S.C. §§ 1331, 1332, and 1443.[1]  (Not. at 2–3.)

On November 11 and December 5, 2011 this Court issued orders to show cause ("OSC") requiring Defendants to demonstrate that the Court had subject matter jurisdiction over the instant case.  (Docket Nos. 4, 6.)  The Court is now in receipt of Defendants' response to the second of these OSCs.  (Docket No. 7, Opp.)  For the reasons set forth below, Defendants' response to the Court's 12/5/11 OSC still fails to correct the defective allegations of subject matter jurisdiction that this Court has previously outlined.  Accordingly, the Court **REMANDS**

---

[1] Defendants also asserted that the Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but Plaintiff's complaint only contains one unlawful detainer claim.  (Not. at 3; Compl.)

JS - 6    **LINKS: 4, 5, 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08922 GAF (AGRx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Juanito Maramba et al. | | |

this case back to Los Angeles Superior Court.

**II.
DISCUSSION**

A.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States.  28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331.  "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"  Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted).  Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).  Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 28-29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted).  "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold

JS - 6   **LINKS: 4, 5, 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08922 GAF (AGRx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Juanito Maramba et al. | | |

removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Federal courts have subject matter jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states. 28 U.S.C. § 1332(a). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For trusts, diversity citizenship is based on the citizenship of the trustee, id., or both the trustee and the beneficiary. Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007). Finally, a national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

**B. APPLICATION**

In their opposition, Defendants contend that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1441. (Opp. at 2-5.) Specifically, Defendants claim that removal is proper because they "removed [the] state action under the Racketeering Influenced and Corrupt Organizations Act [("RICO")], the Truth in Lending Act [("TILA")], the Fair Debt Collections Practices Act [("FDCPA")], the Real Estate Procedures and Practices Act [("RESPA")], the Uniform Commercial Code, [the] Protecting Tenants at Foreclosure Act of 2009 [("PTFA")], and the United States Constitution." (Opp. at 2.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Defendants also seek to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that the parties are from different states and that the amount in controversy exceeds $75,000 because the home is worth more than that amount.

**1. FEDERAL QUESTION JURISDICTION**

A claim may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29. Defendants fail to provide any basis for finding that Plaintiff's claims meet either of these tests. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2

JS - 6   **LINKS: 4, 5, 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08922 GAF (AGRx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Juanito Maramba et al. | | |

(1981).  "An unlawful detainer action is a true state law claim."  <u>Homesales, Inc. v. Frierson</u>, 2009 WL 365663, at \*2 n.8 (C.D. Cal. Feb. 11, 2009) (Morrow, J.).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law.  <u>See</u> <u>Valles</u>, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court");  <u>see</u> <u>also</u> <u>U.S. Nat'l Ass'n v. Almanza</u>, 2009 WL 161082, at \*2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

### 2. DIVERSITY JURISDICTION

Defendants also assert that this Court has subject matter jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332.  In its 12/5/11 OSC, the Court explained that:

> Federal courts have diversity jurisdiction only if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Where a case has been removed, "[i]f it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  <u>Gaus</u>, 980 F.2d at 566–67 (citation omitted).  The defendant may not merely assert that the amount in controversy exceeds the jurisdictional minimum; rather, the defendant must establish by a preponderance of the evidence that the underlying facts support this assertion.  <u>See</u> <u>id.</u> at 567.

> The Court notes that even if the parties are of diverse citizenship, Plaintiff has not shown that the amount in controversy requirement is satisfied.  Plaintiff's complaint, on its face, only asserts a claim for unlawful detainer and seeks damages for less than $10,000.  (Compl. at 1.)  In Defendants' response to the Court's OSC, they claim that this is misleading, as Plaintiff actually seeks possession of Defendants' real property, which is "in excess of $385,399."  (Opp. at 6:7–6:10.)  "In an unlawful detainer action . . . the appropriate measure of damages is the amount sought in the complaint, not the value of the property."  <u>Bank of America, N.A. v. Engler</u>, 2011 WL 5909884, at \*3 (C.D. Cal. Nov. 28, 2011) (citing <u>Federal Nat. Mortg. Ass'n v. Lemon</u>, 2011 WL 3204344, \*2 (C.D. Cal. July 26, 2011).[2]

---

[2] Under California law, a claim for unlawful detainer does not establish title to property, but rather is predicated on the notion that the plaintiff already possesses title to the subject property.  <u>Birkenfeld v. City of Berkeley</u>, 550 P.2d 1001, 1015 (Cal. 1976) ("The [unlawful detainer] statutes implement the landlord's property

JS - 6    **LINKS: 4, 5, 6, 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08922 GAF (AGRx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Juanito Maramba et al. | | |

Accordingly, Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case.

(12/5/1 Order at 4.)

In their opposition, Defendants have done nothing to cure their notice of removal's defective allegations with respect to 28 U.S.C. § 1332's amount in controversy requirement. Accordingly, removal jurisdiction is also lacking based on a diversity jurisdiction theory.

**III.**
**CONCLUSION**

Based on the foregoing, Defendants have not established that federal subject matter jurisdiction exists.  The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

rights by permitting him to recover possession once the consensual basis for the tenant's occupancy is at an end."). Further, any recoverable damages "are commensurately limited to those incurred because of wrongful possession."  Larson v. City and County of San Francisco, 123 Cal. Rptr. 3d 40, 68 (Ct. App. 2011).